FILED
CLERK

11/25/2025

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KIMBA INDUSTRIES INC.,

        *Plaintiff*,

      -against-

FORTEGRA SPECIALTY INSURANCE
COMPANY,

        *Defendant.*
-------------------------------------------------------------X

**MEMORANDUM
AND ORDER**

24-cv-01334 (JMW)

**A P P E A R A N C E S:**

    Stephen Wagner
    David Rybak
    **Cohen, Tauber, Spievack & Wagner, P.C.**
    420 Lexington Avenue, Suite 2400
    New York, NY 10170
    *Attorneys for Plaintiff*

    Louis G. Adolfsen
    **Melito & Adolfsen P.C.**
    233 Broadway, 28th Floor
    New York, NY 10279
    *Attorney for Defendant*

**WICKS**, Magistrate Judge:

Plaintiff Kimba Industries Inc. ("Kimba" or "Plaintiff"), a general contractor and construction company, commenced this action against Defendant Fortegra Insurance Company ("Defendant" or "Fortegra") on February 22, 2024 for Fortegra's failure to provide coverage for claims in a separate lawsuit filed in New York State Supreme Court, Queens County ("Queens Action"). (*See generally* ECF No. 1.) These claims, according to Plaintiff, were purportedly covered by the commercial general liability policy ("CGL Policy") Fortegra issued to Kimba on August 1, 2022 providing, in relevant part, that Fortegra "will pay those sums that the insured

1

becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages." (*See id.*)

Before the Court is Defendant's motion to "Correct the Record, Vacate the Court's October 1, 2025 Opinion and Order ("October 1 Order"), and Reargue Motions for Summary Judgment" because Defendant mistakenly included a Designated Subcontractor or Independent Contractor Warranty Endorsement ("Designated Subcontractor Warranty Endorsement") containing a different "SCHEDULE" as part of its motion for summary judgment that, according to Defendant, was not the parties' intended controlling "SCHEDULE." (*See* ECF No. 47.) Plaintiff vehemently opposes, namely on grounds that it was never presented with the purported "amendment" nor did it authorize any agent to consent to such an amendment on its behalf. (ECF No. 48.) For the following reasons, Defendant's motion for reconsideration (ECF No. 47) is **GRANTED,** and upon reconsideration the Court declines to vacate its October 1 Order.

## BACKGROUND

The Court assumes the parties' familiarity with the facts underlying this action, *see Kimba Industries Inc. v. Fortegra Specialty Ins. Co.*, No. 24-cv-01334 (JMW), 2025 WL 2793670, at *2-4 (E.D.N.Y. Oct. 1, 2025), and focuses on the background germane to the current application. On October 1, 2025, the Court denied Fortegra's motion for summary judgment seeking a determination that it owed no duty to defend Kimba in the Underlying Queens Action in its entirety and concluded Fortegra owed Kimba a duty to defend. *Kimba Industries*, 2025 WL 2793670, at *10. That conclusion was based on the clear, unambiguous terms of Section 1, A(1)(a) and (b)[1] of the CGL Policy which required Fortegra to defend Kimba for the bodily

---

[1] The CGL Policy provides, in relevant part, that:

2

injury sustained by Segundo Cevallos ("Cevallos"), a worker employed by Muentes Flooring Inc. ("Muentes") which was a subcontractor retained by Kimba, while Cevallos was working at the warehouse located at 393 Jericho Turnpike, Mineola, New York 11501 ("393 Jericho"). *Id.* at *6-7. Additionally, the Court found that the Designated Subcontractor Warranty Endorsement—Fortegra's sole basis for denying coverage to Kimba—was inapplicable. *See id.* at *9-10.

The Designated Subcontractor Warranty Endorsement specifically provided that "[f]or any subcontract or independent *not specified in the SCHEDULE . . .* the insured must comply" with certain conditions, like obtaining written hold harmless agreements and being added as an additional insured on all general liability policies issued to all subcontractors. *Id.* at *10 (citing ECF No. 23-2, CGL Policy, Section IV, p. 1) (emphasis in original). The "SCHEDULE" as submitted was limited to "[a]ll work or activities performed in the state of New York." *Id.* Because "[t]he subcontractor, Muentes, performed its work in New York, thereby making it a subcontractor 'specified in the Schedule,' . . . Kimba was not required to 'comply with the conditions' listed under the Designated Subcontractor Warranty Endorsement. *Id.* (alterations in original). The Court further pointed out Fortegra's incorrect position in its January 10, 2023, denial of coverage letter sent to Kimba, particularly the position that the Designated Subcontractor Warranty Endorsement applied to Kimba because the "SCHEDULE" extended to

---

> [Fortegra] will pay those sums that [Kimba] becomes legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies. We will have the right and duty to defend the insured against any suit seeking those damages.... This insurance applies to bodily injury and property damage only if: (1) The bodily injury or property damage is caused by an occurrence that takes place in the coverage territory; (2) The bodily injury or property damage occurs during the policy period; and (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.

3

"[a]ll work or activities performed *outside the State of New York*." *Id.* (citing ECF No. 41-6 at p. 6.) Accordingly, because the Endorsement did not preclude coverage, and because Fortegra did not comply with the clear and unambiguous terms of the CGL Policy by failing to satisfy its duty to defend, the Court granted Kimba's motion for summary judgment on its breach of contract claim. *Id.*

## DISCUSSION

Defendant posits that pursuant to Fed. R. Civ. P. 60 and Local Rule 6.3 the record should be corrected, the October 1 Order should be vacated, and the parties' cross-motions for summary judgment should be reargued because:

> The insurance policy that was originally issued by Fortegra to Kimba Industries, Inc. mistakenly stated in the Schedule that the **Warranty** did not apply to "All work or activities performed in the State of New York." That was not what *the parties intended*. The correct and intended wording was that the **Warranty** did not apply to "All work or activities performed outside the State of New York." This clerical caused [this Court] to interpret a version of the policy that was not the operative contract between the parties. Neither party previously noticed the error because the issue of whether the Warranty applied in New York was not in dispute.

(ECF No. 47-1, Adolfsen Decl. at ¶ 3) (emphasis in original).

Indeed, as Defendant avers, the "SCHEDULE" submitted as part of its summary judgment motion, which formed nearly the entire basis for this Court to grant Kimba's motion for summary judgment, "*contained the wrong wording*" and based on the "correct wording, Fortegra's intention . . . was for the **Warranty** *to apply* to its work or activities in The State of New York." (*Id.* at ¶ 4) (emphasis in original). To support this contention that the amended Endorsement was accepted by both parties, Fortegra cites to email correspondence between Fortegra's brokers, Jim Cornwell and Jordan Marks, and Kimba's wholesale broker, Charles J. Messery, purportedly memorializing the parties'

4

agreement that the amended Endorsement applied. (*Id.* at ¶¶ 10-18; *see also* ECF No. 47-2; ECF No. 47-3.) Such errors, according to Defendant, were "clerical" in nature. (ECF No. 47-1, Adolfsen Decl. at ¶¶ 3, 28.)

    a. *Legal Framework*

Motions for reconsideration may be filed pursuant to Fed. R. Civ. P. 59(e) or 60(b), as well as Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. Under Local Rule 6.3, a party has fourteen (14) days following the entry of a court order to serve a notice of motion with an accompanying memorandum, that sets forth succinctly the issues, facts, or laws that were overlooked. Loc. Civ. R. 6.3. Failure to comply with these requirements warrants denial of the motion. *See R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) ("A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment.").

Even if considered, a motion for reconsideration "is appropriate when the moving party can demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion ... and which, had they been considered, might have reasonably altered the result before the court." *Herschaft v. N.Y.C. Campaign Fin. Bd.*, 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (internal quotation marks and citation omitted). Notably, "a party may not advance new facts, issues, or arguments not previously presented to the Court on a motion for reconsideration." *Superior Site Work, Inc. v. NASDI, LLC,* No. 14-cv-01061 (ADS) (SIL), 2017 WL 2242872, at *2, 2017 U.S. Dist. LEXIS 77453, at *4 (E.D.N.Y. May 22, 2017) (internal quotations omitted); *see also Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d

5

36, 52 (2d Cir. 2012) (citations omitted) (noting that a motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple). Put simply, a reconsideration motion is not appropriate to simply secure a "do-over." *See Schansman v. Sberbank of Russia PJSC*, No. 19-CV-2985 (ALC) (GWG), 2025 WL 1288670, at *2 (S.D.N.Y. May 5, 2025) (collecting cases) (finding that parties are "barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so").

All that said, reconsideration is warranted only when: (i) the moving party points to an intervening change in controlling law, (ii) newly available evidence is identified, (iii) clear error is established, or (iv) reconsideration is necessary to avoid a manifest injustice. *See Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021); *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (same). Moreover, Rule 60(b) permits relief from an order or judgment for mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or in exceptional or extraordinary circumstances. Fed. R. Civ. P. 60(b). The question, therefore, is whether any of these grounds have been met. And it is also within the sound discretion of the district court to decide whether or not to grant a motion for reconsideration. *See Gupta v. Attorney Gen. of United States*, 52 F. Supp. 3d 677, 679-80 (S.D.N.Y. 2014).

Reconsideration "must be narrowly construed and strictly applied so as to avoid duplicative rulings on previously considered issues." *In re Bouka*, 654 F. Supp. 3d 283, 286 (S.D.N.Y. 2023) (quoting *Merced Irrigation Dist. v. Barclays Bank PLC*, 178 F. Supp. 3d 181, 183 (S.D.N.Y. 2016)). Thus, "[a] narrow application of the rule not only 'helps [ ] to ensure the

finality of decisions,' but also 'prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.' " *Id.* (quoting *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007)). With these principles in mind, the Court considers the instant motion.

      b. *Application*

It is beyond cavil that the purported change to the SCHEDULE's language is new evidence not previously submitted to the Court. Generally, reconsideration based on new evidence is only appropriate when the evidence is truly newly discovered and could not have been found by due diligence. *Stokes v. Wayne County*, No. 6:21-CV-06657 EAW, 2025 WL 2405565, at *2 (W.D.N.Y. Aug. 8, 2025) (citing *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983)). Here, this "new evidence" *could have* been discovered through due diligence as the "corrected" documents were not included in the summary judgment motion papers because counsel for Fortegra's partner, Ignatius Melito, did not "upload[] [those] files to the firm's SharePoint filed for this case." (*Id.* at ¶ 9.)

Nonetheless, because differing versions of the "SCHEDULE" directly pertain to the Court's underlying rationale for denying Fortegra's motion for summary judgment, manifest injustice would result should the Court not consider this new evidence. *See Floyd v. City of New York*, 813 F. Supp. 2d 457, 464 (S.D.N.Y. 2011) (concluding that it "would be a miscarriage of justice to grant summary judgment" and then not consider "newly submitted evidence" that casts doubt on the rationale behind the grant of summary judgment). As such, the Court grants reconsideration and considers the "newly

7

submitted evidence. However, in considering the purported "amendment," the Court is unpersuaded that October 1 Order should be vacated for several reasons.

*First*, the language of CGL Policy explicitly provides that the Policy may only be amended by mutual agreement between the parties. Specifically, under "Common Policy Conditions," the parties agree that "[t]he first Named Insured shown in the Declarations" may amend or alter the terms of the CGL policy only "with [Fortegra's] consent." (ECF No. 48-2, CGL Policy at p. 65.) The "first Named Insured" is Kimba. (*Id.* at p. 4.) According to Kimba's President, "[t]he Policy Changes Form was prepared without Kimba's knowledge, consent, or approval," thereby vitiating the prerequisite of a valid amendment to the CGL Policy. (*See* ECF No. 48-5, Linder Decl. at ¶ 12.) The first time Kimba was apparently aware of the purported amended "SCHEDULE" was when Kimba's attorneys presented Kimba with a copy of the Policy Changes Form. (*See id.* at ¶¶ 12-13, 15.) In fact, from December 2022 to January 2023, Kimba's President affirms that at no point did Fortegra contact Kimba, discuss or clarify the "SCHEDULE" to the Designated Subcontractor or Independent Contractor Warranty in the Policy, or even discuss what was clearly conflicting intent among the insured and insurer. (*See id.* at ¶ 10.) Indeed, "Kimba would not have consented to an amendment of the Policy that would preclude coverage for Kimba's pending claim." (*Id.* at ¶ 14.) The purported amendment having been procured in violation of the CGL Policy's terms, therefore, is neither legally effective nor binding on Kimba. *See Smith v. Pruco Life Ins. Co. of New Jersey*, 710 F.3d 476, 482 (2d Cir. 2013); *see also Starr Indem. & Liab. Co. v. Brightstar Corp.*, 388 F. Supp. 3d 304, 349 (S.D.N.Y. 2019) (finding that the basic principle of insurance contract modification involves the mutual agreement between the insured and insurer).

8

*Second*, and similarly, no agent or broker acting on Kimba's behalf was authorized to bind Kimba to the purported amendment. The email correspondence now cited to by Defendant solely includes communications between brokers for Kimba and Fortegra. (*See* ECF Nos. 47-2; 47-3.) While it is true that an insurance broker can act as an agent of the insured and bind the insured through its actions, *see B&A Demolition and Removal, Inc. v. Market Ins. Co.*, 941 F. Supp. 2d 307, 315 (E.D.N.Y. 2013), this is undermined where, as here, "neither [Kimba's President], nor any individual on Kimba's behalf, ever authorized anyone, including Amwins or Charles Messery, to consent to the amendment of the Policy, including the amendment the 'SCHEDULE' to the 'Designated Subcontractor or Independent Contractor Warranty . . . .'" (ECF No. 48-5, Linder Decl. at ¶ 12.) Therefore, contrary to Defendant's contention that Messery had authority to amend the CGL Policy, it appears that Messery was not acting with any level of actual or apparent authority in corresponding with members of Fortegra and was thus unable to bind Kimba to any decisions or agreements to amend the terms of the CGL Policy to include an amended "SCHEDULE" to the Endorsement. Absent evidence of this form of authority, no viable grounds exist for the Court to now infer that Kimba was bound by the purported amendment. *See Lopez v. Rutgers Cas. Ins. Co.*, 298 F. Supp. 3d 503, 515 (E.D.N.Y. 2018) (concluding that there no reason to change the underlying coverage determination where the "record [was] bereft of any evidence from which a rational trier of fact could reasonably find that the . . . broker had the actual or apparent authority to bind defendant, for which it did not act as agent") (citation omitted).

*Third*, the Policy Change Form detailing the timing of purported amendment to the "SCHEDULE" demonstrates that the change took place on January 4, 2023, but had

9

an effective date of August 1, 2022. (*See* ECF No. 47-2.) Notwithstanding, Kimba submitted its claim for coverage to Fortegra on December 9, 2022. (*See* ECF No. 48-5, Linder Decl. at ¶ 7.)  During the time in which Kimba submitted its claim to when the CGL Policy was changed, Kimba was "never contacted . . . in any manner whatsoever" regarding the change of Policy with an effective date pre-dating Kimba's submitted claim. Indeed, like here, "no revision or alteration of an existing contract of insurance can be regarded as effective where the parties have not agreed thereto prior to the loss." *Brightstar Corp.*, 388 F. Supp. 3d at 349.

       In light of these circumstances, the Court is unable to conclude that manifest injustice would result in not considering an amendment that the insured did not consent to, that the insured's agents did not have authority to bind the insured to, and that was retroactively implemented by the insurer after the insured submitted its claim for coverage. Absent such a showing, the Court sees no reason to allow reargument of the summary judgment motions, vacate the October 1 Order, or otherwise re-litigate issues that have already been decided based on the undisputed evidence before the Court.

## CONCLUSION

For the reasons stated above, Defendant's motion for reconsideration (ECF No. 47) is **GRANTED,** and upon reconsideration the Court declines to vacate the October 1 Order. Kimba is directed to file its motion for fees and costs, which was previously held in abeyance pending Fortegra's current application (*see* Electronic Order dated October 15, 2025) on or before **December 9, 2025**. Fortegra's response is due on or before **December 23, 2025**. Kimba's reply, if any, is due on or before **December 30, 2025**.

Dated:	Central Islip, New York
	November 25, 2025

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge