FILED
CLERK
8/24/2026
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------X
KIMBA INDUSTRIES INC.,

*Plaintiff*,

-against-

FORTEGRA SPECIALITY INSURANCE COMPANY,

*Defendant*.
--------------------------------------------------------------------X

**MEMORANDUM AND ORDER**

24-cv-01334 (JMW)

**A P P E A R A N C E S:**

Steven Wagner
David Rybak
**Cohen, Tauber, Spievack & Wagner, P.C.**
420 Lexington Avenue, Suite 2400
New York, NY 10170
*Attorneys for Plaintiff*

Louis G. Adolfsen
**Melito & Adolfsen P.C.**
233 Broadway, 28th Floor
New York, NY 10279
*Attorneys for Defendant*

**WICKS,** Magistrate Judge:

Plaintiff Kimba Industries Inc. ("Kimba" or "Plaintiff"), a general contractor and construction company, commenced this action against Defendant Fortegra Insurance Company ("Fortegra" or "Defendant") on February 22, 2024, for Fortegra's failure to provide coverage for claims in a separate lawsuit filed in the New York State Supreme Court, Queens County ("Queens Action"). (*See generally* ECF No. 1.) Kimba alleged that the claims were covered by the commercial general liability policy ("CGL Policy") issued by Fortegra on August 1, 2022,

providing that Fortegra, *inter alia*, "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. [Fortegra] will have the right and duty to defend the insured against any 'suit' seeking those damages." (*See id.*)

On October 1, 2025, the Court granted summary judgment in favor of Kimba. (ECF No. 46; the "October 2025 Order".) Relevant here, the Court granted Kimba's request for a "judicial declaration" that "Fortegra is required to defend and indemnify Kimba on an ongoing basis in connection with the Queens Action[.]" (*Id.* at 21.)

Fortegra moved to vacate the October 2025 Order (ECF No. 47), which motion the Court denied on November 25, 2025 (ECF No. 53; the "November 2025 Order"). Specifically, after considering Fortegra's arguments for reconsideration, the Court concluded that there was "no reason to allow re-argument of the summary judgment motions, vacate the October 1 Order, or otherwise re-litigate issues that have already been decided based on the undisputed evidence before the Court." (*Id.* at 10.)

On December 17, 2025, Fortegra appealed to the Second Circuit. (ECF No. 55.) In Fortegra's Notice of Appeal, it specified that it was appealing this Court's orders which, *inter alia*, "denied Fortegra's motion for summary judgment claiming that it had no duty to defend or indemnify and granted Kimba's motion for summary judgment on its claims for a judicial declaration that Fortegra is required to defend and indemnify Kimba in the Queens Action[.]" (*Id.*) That appeal remains pending.

Meanwhile, Kimba moved for attorneys' fees (ECF No. 54), which this Court granted on March 5, 2026. (ECF No. 59; the "March 2026 Order".)

The March 2026 Order also invited supplemental briefing concerning Fortegra's

obligation to assume Kimba's defense in the Queens Action. As the Court explained:

> This Court previously granted Kimba's motion for summary judgment on its claim "for a judicial declaration that Fortegra is required to defend and indemnify Kimba on an ongoing basis in connection with the Queens Action." Since the October 1 Order, Kimba's counsel submits that it has contacted Fortegra's counsel to arrange for Fortegra's assumption of Kimba's defense in the Underlying Action. On October 13, 2025, Fortegra's counsel stated that it would "not pick up the defense" because of the anticipated motion practice in the current action. . . .
>
> Fortegra now posits that Kimba's request to take over the defense is beyond the scope of what this Court ordered on November 25, 2025 Memorandum and Order on Fortegra's motion for reconsideration because the November 25, 2025 Memorandum and Order solely directed briefing on the issue of attorneys' fees.
>
> Accordingly, the parties are directed to file letter briefs . . . on the issue of whether Fortegra, after being found to owe Kimba a duty to defend in the Underlying Action, must subsequently take over Kimba's defense in the Underlying Action following the Court's October 1 Order.

March 2026 Order at 22–23 (internal citations omitted).

Accordingly, on March 19, 2026, Kimba filed the present Motion to Enforce Judgment (ECF No. 60). Fortegra filed its response on March 31, 2026 (ECF No. 61). In short, Kimba contends that Fortegra has willfully defied the October 2025 Order and requests that the Court order Fortegra to comply. (ECF No. 60.) Fortegra responds that the Court should consider how relief in this matter should be structured pending Fortegra's appeal. (ECF No. 61.) For the following reasons, Kimba's request for an order directing Fortegra to comply with the October 2025 Order is **GRANTED**.

## DISCUSSION

Both parties acknowledge that absent a stay, the Court has full authority to enforce its own orders while an appeal is pending. (ECF Nos. 60–61.) Fortegra does not meaningfully dispute this. In fact, it concedes outright that "[g]enerally, court orders are enforceable and must be complied with promptly unless a stay has been obtained." (ECF No. 61 at 2.) Fortegra

halfheartedly asserts that requests for relief pending appeal should be "evaluate[d] . . . under equitable considerations," but then immediately concedes that that is only true "in the context of a stay[.]" (*Id.*) Here, Fortegra has not moved for a stay.

To sidestep the clear directive of the October 2025 Order, Fortegra grasps at this Court's March 2026 Order (ECF No. 59 at 23) which requested briefing on the duty-to-defend issue. Fortegra's entire argument is contained in a single sentence: "The Court's decision to invite focused briefing on the defense issue, rather than direct immediate implementation, further reflects that the manner and timing of Fortegra's obligations warrant structured consideration." (ECF No. 61 at 2.) To the extent such "structured consideration" is warranted, Fortegra does not supply it.

It is true that the Court invited briefing on whether, and how, the November 2025 Order (ECF No. 53) may have impacted the conclusions of the October 2025 Order. But despite that invitation, Fortegra's supplemental briefing does not engage with the November 2025 Order at all. (*See* ECF No. 61.) Instead, Fortegra makes the circular argument that the Court's inquiry *in and of itself* negates the October 2025 Order.

Nor does Fortegra's appeal to the Second Circuit (ECF No. 55) change anything. "Unless a court issues a stay, a trial court's judgment . . . normally takes effect despite a pending appeal." *Coleman v. Tollefson*, 575 U.S. 532, 539 (2015); *see also Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("If a person to whom a court directs an order believes that the order is incorrect the remedy is to appeal, but absent a stay, it must comply promptly with the order pending appeal."); *SEC v. Xia*, No. 21-CV-5250 (PKC) (CHK), 2026 WL 636671, at *11 n.15 (E.D.N.Y. Mar. 6, 2026) ("[T]he vitality of a judgment is undiminished by pendency of the appeal and

unless a stay is granted either by the court rendering the judgment or by the court to which the appeal is taken, the judgment remains operative.") (citation modified; internal citation omitted).

The October 2025 Order was not ambiguous when it declared that "Fortegra is required to defend and indemnify Kimba on an ongoing basis in connection with the Queens Action[.]" (ECF No. 46 at 20–21.) Indeed, Fortegra itself admitted as much. In its Notice of Appeal, Fortegra specified that this Court had "denied Fortegra's motion for summary judgment claiming that it had no duty to defend or indemnify and granted Kimba's motion for summary judgment on its claims for a judicial declaration that Fortegra is required to defend and indemnify Kimba in the Queens Action[.]" (ECF No. 55.) Nothing in the Fortegra's Notice of Appeal filed in *December* 2025 indicated that the November 2025 Order somehow narrowed or stayed or abrogated the October 2025 Order.

As soon as the Court issued its declaratory judgment that Fortegra is required to defend the Queens Action on an ongoing basis, Fortegra was obligated to do just that. *See, e.g.*, *Stein v. N. Assurance Co. of Am.*, No. 09-CV-1029(TCP)(AKT), 2011 WL 13305251, at *12 (E.D.N.Y. Jan. 25, 2011) (granting insured's request for declaratory judgment and "direct[ing]" insurer to provide defense); *see also Byrne v. Nationwide Mut. Fire Ins. Co.*, No. CV 00-6083, 2001 WL 99892, at *3 (E.D.N.Y. Jan. 16, 2001) ("[T]he Court grants summary declaratory judgment in favor of plaintiff and against defendant Nationwide and declares that defendant Nationwide has an obligation to defend and indemnify plaintiff under the liability policy[.]"). Because Fortegra has not put forward any argument to the contrary, absent a stay, Fortegra is directed to comply with the October 2025 Order forthwith.

## CONCLUSION

For the foregoing reasons, Kimba's Motion to Enforce Judgment (ECF No. 46) is **GRANTED.**

Dated: Central Islip, New York
August 24, 2026

**S O O R D E R E D:**

/S/ James M. Wicks
JAMES M. WICKS
United States Magistrate Judge